COPE, J.
(dissenting).
I would reverse the judgment because it is barred by res judicata.
In Perez v. Marti, 770 So.2d 284 (Fla. 3d DCA), review denied, 773 So.2d 56 (Fla.2000), this court approved the disqualification of Demetrio Perez as a runoff candidate in the November 7, 2000 election for Miami Dade County School Board District 7.
On remand the trial court reiterated an earlier ruling that votes for Perez would not be counted. The trial court denied the request of appellee Frank Cobo (who had been eliminated in the first primary) for a new election. As a result the other runoff candidate, appellant Jacqueline Pepper, was declared the winner in School Board District 7.
*720 Cobo promptly sought appellate review of the trial court’s refusal to order a new election. He filed a motion in this court to enforce this court’s mandate. In substance Cobo asked this court to tell the trial court it should order a new election, either (a) between the top two finishers (which, because of Perez’ elimination, would be a new runoff between Pepper and Cobo), or (b) between all of the District 7 candidates (excluding Perez). **
Pepper filed a response in this court, which opposed Cobo’s motion. Pepper asked that the general election results not be disturbed.
This court denied Cobo’s motion to enforce mandate. The conclusion is inescapable that this court by its ruling has already denied Cobo’s request for a special election. Cobo’s later-filed election challenge is barred by the doctrine of res judicata.

 Cobo requested that
this Court provide guidance to the trial court as to the extent of her authority to order a special election in which either the top two vote-getters from the September primary or the entire field from the September primary (excluding the unqualified candidate, Perez) are on the ballot and to instruct the trial court that this Court's opinion required the trial court to fashion a remedy different from the one which was cross-appealed by Appellee [Cobo], which remedy was not affirmed by this Court.